**RINSEL et v STATE ex KREITER et**

Ohio Appeals, 3rd Dist, Crawford Co
No. 1277.   Decided April 4, 1931.

C. F. Schaber and A. S. Leuthold, Bucyrus, for Rinsel et.

J. D. Sears, Bucyrus, for State ex rel Kreiter.

**CROW, J.**

Indeed, a surrender to answer the judgment of the court, is not by the terms of §13435-23, **GC**, a cause for granting remission, but is only a condition upon which the relief may be awarded.

It is readily conceivable that there might be presented upon an application, facts which would show such a situation, as a refusal to remit, would constitute an abuse of discretion, but no such facts are present here.

The gist of the argument in behalf of plaintiffs in error, apart from treating what was done toward capturing Hand, is that the effect of the enforcement of the judgment would be to enrich the treasury of the county almost twenty four thousand dollars, and hence that reimbursement of the county, of its actual outlay, should be the limit of the enforcement of the bond.

The answer to that argument is that the enrichment is but an incident to the obligation to pay the penalty in the event the recognizance shall become forfeited, and that neither the statute providing for the recognizance, nor §13435-23, **GC**, contains words of limitation to that effect.

The application and the proof in the court below presented an issue of mixed fact and law to be determined by that court, and, due consideration of the evidence, forbids a holding by this court that in the decision that court abused its discretion, and such would be our decision if the matter of indemnity were not in the case.

To hold that the court below **must** have granted relief to the applicants, would be to decide that §13435-23, **GC**, confers the mandatory duty to remit instead of a discretionary duty in that respect. The section is barren of words which could possibly have that meaning, and there is a vast multitude of cases holding that the common law as well as the statutes in duplication thereof, make the matter one of judicial discretion. And we know of no case or text book, in conflict with that multitude.

What our holding would be if a remission had been made, and the order making it were before us for review, we do not intimate.

This record shows no error, and the judgment will be affirmed.

JUSTICE, J, concurs.

KLINGER, J, dissenting.

The testimony shows that all the costs and expenses incident to the trial, prosecution and conveyance of Mr. Hand to the penitentiary, did not exceed eleven hundred dollars. That the total loss and expense to Crawford County by reason of the non-appearance of Mr. Hand, did not exceed three hundred dollars.

In the application for remission, the bondsmen offered to make the county whole as to all expenses incident to the arrest, trial, apprehension and imprisonment of Mr. Hand, and while the language of the statute makes the matter of remission discretionary with the court, still such discretion, we think, should be judicially exercised.

Wilbur Hand having been found guilty,

should and must suffer the penalty intended by the law for his offense, and it would be harsh, if not unreasonable, in my opinion, to superadd the penalty of an obligation upon the bonds men. The bondsmen should not be punished, in the light of the testimony in this record. It appeals to me that every reason exists why such relief should be granted, and I know of no valid reason in support of the contention that sureties, in cases of this kind, should be required to pay into the treasury, the entire penalty of a bond, since the requirements of such bond have been complied with. It seems inconsistent with the principles of justice and equity.

Chief Justice Marshall, in the case of United States v Trainer, reported in Volume 173 Federal Reporter, page 114, said:

"The sureties on a criminal recognizance are entitled to the remission of a part of the penalty for which judgment was taken against them on its breach where the defendant was afterwards re-arrested and served his sentence."

And in the concluding statement of his opinion in this case, Chief Justice Marshall said:

"An order will therefore be entered remitting all that portion of the original judgment except such sum as is necessary to satisfy and discharge all costs accrued, including the costs incident to this application, and also all costs which accrued in the criminal prosecution of the defendant, and directing that the remainder of the sum collected from the bondsmen under the execution, and now in the registry of the court, after paying such costs, be refunded to the bondsmen or to their attorneys of record."

It seems that the facts in the case at bar, and in this case, are quite parallel.

See also, United States v Feely, 25 Federal Cases, page 1055, being Case No. 15082 in said volume.

**Section 9, Article 1, of the Constitution of Ohio,** provides:

"All persons shall be bailable by sufficient sureties, except for capital offenses where the proof is evident or the presumption great. Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted."

It is my opinion that nothing should be done by courts of this state, to impair the ready and easy securing of bail. This would tend to jeopardize the opportunity for obtaining bail if the sureties are compelled to pay into court the full amount of their obligation even though the one in whose behalf the bail was obtained, is apprehended and serving the penalty imposed by the court.

As I view it, in the instant case the conditions of the recognizance have now been complied with, and while it is true that Hand jumped his bond and was not committed to the penitentiary immediately, still, Hand is now carrying out his sentence and was placed in the penitentiary through the efforts of the men obligated under this bond. And now to make them pay the full amount of the bond, will be inflicting punishment upon them in addition to the punishment meted out to Mr. Hand. If the court thought more drastic punishment should be imposed upon Mr. Hand it could have resentenced him. I believe the legislature intended that bondsmen should not be penalized, and considering, in this case, the obligors did everything possible to capture the prisoner, the statute contemplates relief in cases of this kind.